IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DYLAN BARE : CIVIL ACTION
:
v. :
:
STATE AUTO GROUP, et al. : NO. 13-2812

ORDER

AND NOW, this 26th day of July, 2013, upon consideration of State Auto Group's motion to dismiss for failure to state a claim (Docket #20), Esurance Property and Casualty Insurance Company's motion to dismiss for failure to state a claim (Docket #21), the plaintiff's oppositions, and defendants' replies thereto, and after oral argument held on July 25, 2013, IT IS HEREBY ORDERED that said motions are GRANTED.

Count II is founded upon alleged breaches of contract by the defendants. As part of his breach of contract assertions, the plaintiff alludes to defendants' breach of fiduciary duty and of the common law duty of good faith. The defendants argue that those portions should be dismissed because they fail as a matter of law.

Under Pennsylvania law, an insurer assumes a fiduciary duty to a beneficiary only in limited circumstances. Specifically, "a fiduciary duty higher than the duty of good faith and fair dealing does not arise out [of] an insurance contract until an insurer asserts a stated right under the policy

to handle all claims asserted against the insured." Keefe v. Prudential Prop. & Cas. Ins. Co., 203 F.3d 218, 227-28 (3d Cir. 2000); see also Johnson v. Northland Ins. Co., No. 05-927, 2005 WL 3488712, at *6 (W.D. Pa. Dec. 21, 2005).

The situation described by the Keefe court is not present here. The plaintiff's complaint does not allege that the defendants intended to handle all claims asserted against the insured; in fact, Bare has already received money in a settlement claim from the driver's insurance company.

Moreover, the cases cited by the plaintiff are distinguishable because they concern situations in which the insurance company disposes of claims brought by third-party claimants against, or as a result of, the plaintiff. In that context, if the insurer represents that it will handle all of the third-party claims, it assumes a fiduciary duty as to the insured. However, in the UIM context, the insurer is handling only the claim brought by the plaintiff himself, a first-party claim. Thus, an insurer does not assume a fiduciary duty toward an insured for UIM claims. E.g., Tubman v. USAA Cas. Ins. Co., No. 12-7121, 2013 WL 1809345, at *4 (E.D. Pa. Apr. 30, 2013).

As the references to the duty of good faith, courts have recognized that under Pennsylvania law, "every contract imposes on each party a duty of good faith and fair dealing in its performance and its enforcement." Baker v. Lafayette Coll.,

2

504 A.2d 247, 255 (Pa. Super. 1986). However, in the insurance context, Pennsylvania does not recognize a separate cause of action for the breach of such duty. See, e.g., Johnson v. Progressive Ins. Co., 987 A.2d 781, 783 (Pa. Super. 2009). Thus, if a complaint alleges an insurer's breach of its duty of good faith, such claims are subsumed within a breach of contract claim. See, e.g., Zaloga v. Provident Life and Accident Ins. Co. of America, 671 F. Supp. 2d 623, 631 (M.D. Pa. 2009) ("[A]n action for breach of an implied covenant of good faith and fair dealing does lie as a breach of contract claim."); see also, e.g., Cummings v. Allstate Ins. Co., 832 F. Supp. 2d 469, 473-74 (E.D. Pa. 2011); Simmons v. Nationwide Mut. Fire Ins. Co., 788 F. Supp. 2d 404, 409 (W.D. Pa. 2011). The Court will, therefore, grant the defendant's motion but the plaintiff may argue a breach of covenant of good faith and fair dealing within his breach of contract claim.

Defendant Esurance has also moved to strike those portions of the plaintiff's breach of contract count seeking punitive damages. Pennsylvania law does not permit recovery of punitive damages in a breach of contract claim. E.g., Eds Adjusters, Inc. v. Computer Sciences Corp., 818 F. Supp. 120, 122 (E.D. Pa. 1993). The motion is granted.

Count III of the plaintiff's amended complaint requests that the Court enter an order appointing a Special Master for the

establishment of a process to adjudicate the putative class's UIM claims. The defendants move to dismiss as improper and premature. It is both.

Under Fed. R. Civ. P. 53, a court may only appoint a special master to make or recommend findings of fact if the appointment is warranted by "exceptional" conditions, including the "need to perform an accounting or resolve a difficult computation of damages." The use of special masters must be sparingly used by district judges. <u>New York, Susquehanna & W. R.R. Co. v. Follmer</u>, 254 F.2d 510, 511 (3d Cir. 1958).

Here, the plaintiff's reasons for requesting a special master are purely speculative, anticipating that the computations "will be difficult and complicated" and that "individualized computations of damages will be necessary." The Court may reconsider, by way of motion, whether a special master is appropriate at a later date, including after the class is certified.

Count IV of the plaintiff's complaint is based on the statutory cause of action for tort-based bad faith under 42 Pa. Cons. Stat. § 8371. The plaintiff has pleaded damages of "actual damages, consequential damages, interest, counsel fees, costs and punitive damages to the plaintiff, Dylan Bare, and each member of the class." Am. Compl. ¶ 303.

4

Under § 8371, the following remedies are available for actions arising under an insurance policy dispute: 1) Certain interest on the amount of the claim; 2) Punitive damages; and 3) Court costs and attorney fees. 42 Pa. Cons. Stat. § 8371. The plaintiff may recover only those three categories of damages if he succeeds on his statutory bad faith claim.

Finally, the defendants have moved to dismiss Count V of the plaintiff's amended complaint, which alleges violations of the Unfair Trade Practices and Consumer Protection Law (UTPCPL), 73 P.S. § 201-1, et seq. The primary argument put forth by defendants is that the plaintiff's allegations are acts of nonfeasance, not malfeasance, and as such are not covered under UTPCPL.

To state a claim under UTPCPL, a plaintiff must allege acts of malfeasance, or the improper performance of a contractual obligation; claims of nonfeasance are insufficient. Horowitz v. Fed. Kemper Life Assurance Co., 57 F.3d 300, 307 (3d Cir. 1995). In the insurance context, courts have held that an insurer's refusal to pay an insurance claim, or any acts that are "part and parcel" of such a refusal, constitute nonfeasance and do not give rise to a UTPCPL cause of action. Id.; see also Smith v. Nationwide Mutual Fire Ins. Co., 935 F. Supp. 616, 621 (W.D. Pa. 1996); Baer v. Harford Mut. Ins. Co., No. 05-1346, 2005 WL 3054354, at *6 (E.D. Pa. Nov. 14, 2005).

By its terms, the plaintiff's UTPCPL claim is premised upon the defendants' "failure to pay and to acknowledge its obligation to make available the limit of the unstacked and/or stacked uninsured motorist and/or uninsured motorist benefits to the plaintiff." Am. Compl. ¶ 305. Put another way, the plaintiff alleges that defendants have improperly refused to pay him what he is owed, and have refused to acknowledge certain contractual obligations. This falls squarely in the category of nonfeasance. This count is dismissed.

BY THE COURT:


/s/ Mary A. McLaughlin
MARY A. McLAUGHLIN, J.